# UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **PIERRE PRUITT,** § | |
| § | |
| Plaintiff, § | Civil Action No. |
| § | |
| v. § | |
| § | **Jury Trial Demanded** |
| **LEXINGTON LAW FIRM,** § | |
| § | |
| Defendant. § | |
| § | |

## COMPLAINT

PIERRE PRUITT ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against LEXINGTON LAW FIRM ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Texas therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Dallas, Texas 75216.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a business entity with an office located at 360 North Cutler Drive, North Salt Lake, Utah, 84054.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone.

11. Plaintiff has only used this phone as a cellular telephone.

12. Beginning in or about August 2016 and continuing through November 2016, Defendant called Plaintiff on his cellular telephone daily, often multiple times.

13. Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages when contacting Plaintiff.

14. Plaintiff knew that Defendant was using an automatic telephone dialing system and automatic and/or pre-recorded messages as calls would begin with a pre-recorded voice before speaking to one of Defendant's representatives.

15. Plaintiff also received voice messages and text messages from Defendant.

16. Defendant's telephone calls were not made for "emergency purposes."

17. Plaintiff revoked consent for Defendant to call him in August 2016.

18. Once Defendant was aware that its calls were unwanted and to stop, its continued calls could have served no purpose other than harassment.

19. However, Defendant ignored Plaintiff's multiple requests to stop calling and continued to call him multiple times per day thereafter.

20. It was frustrating and annoying for Plaintiff to receive such continuous and repeated telephone calls from Defendant on his cellular telephone, and he downloaded a blocking application to stop Defendant's repeated calls.

21. Upon information and belief, Defendant conducts business in a way which violates the Telephone Consumer Protection Act.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

24. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

25. Defendant's calls to Plaintiff were not made for emergency purposes.

26. Defendant's calls to Plaintiff, in and after August 2016, were not made with Plaintiff's prior express consent.

27. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff, PIERRE PRUITT, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.    Statutory damages of $500.00 per telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500.00 per telephone call pursuant to 47 U.S.C. §227(b)(3) or alternatively that amount for all calls made after Defendant was notified that they were calling the wrong person and wrong number;

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, PIERRE PRUITT, demands a jury trial in this case.

Respectfully submitted,

DATED: December 30, 2016   By: */s/ Amy Lynn Bennecoff Ginsburg*
Amy Lynn Bennecoff Ginsburg, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Avenue
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com